Dear Mr. Brown:
This is in response to a request from your predecessor for an opinion of this office which reads as follows:
 "1. Under Section 329.140.4 RSMo., 1969, can one establishment have both barbers and cosmetologists operating in the same physical area; or need the barber operations be partitioned from the cosmetology operations?
 "2. If both barbers and cosmetologists can operate in the same physical area, must that area be a registered cosmetology shop and be subject to inspection by both State Board of Cosmetology and Board of Barber Examiners?"
Section 328.010, RSMo 1969, defines the occupation of barber as follows:
 "Any person who is engaged in the capacity so as to shave the beard or cut and dress the hair for the general public, shall be construed as practicing the occupation of `barber', and the said barber or barbers shall be required to fulfill all requirements within the meaning of this chapter."
Section 328.020, RSMo 1969, requires one who engages in the occupation of "barber" to be registered with the Board of Barber Examiners. That section reads as follows:
 "It shall be unlawful for any person to follow the occupation of a barber in this state, unless he shall have first obtained a certificate of registration, as provided in this chapter."
The practice of cosmetology is defined in Section 329.020, RSMo 1969, as follows:
 ". . . Any person who engages for compensation in any one or any combination of the following practices, to wit: Arranging, dressing, curling, singeing, waving, permanent waving, cleansing, cutting, bleaching, tinting, coloring or similar work upon the hair of any person by any means shall be construed to be practicing the occupation of a hairdresser. Any person who with hands or mechanical or electrical apparatuses or appliances, or by the use of cosmetic preparations, antiseptics, tonics, lotions or creams engages for compensation in any one or any combination of the following practices, to wit: Massaging, cleaning, stimulating, manipulating, exercising, beautifying or similar work, upon the scalp, face, neck, arms, or bust or removing superfluous hair my means other than electricity about the body of any person shall be construed to be practicing the occupation of a cosmetologist or cosmetician;"
Section 329.140.4, RSMo 1969, reads as follows:
 "Any shop owner or manager employing any person as hairdresser, cosmetologist or manicurist who does not have the required certificate shall be guilty of a misdemeanor and his shop certificate or registration may be revoked or suspended."
From the statutes quoted above, it is clear that a person purporting to be and acting as a barber must be licensed as a barber, and that a person purporting to be and acting as a cosmetologist must be licensed as a cosmetologist. While it is true that cosmetologists and barbers may, at times, engage in the same sort of activities, they are not purporting to act as anything other than the profession for which they are licensed, either a barber or a cosmetologist.
It is the view of this office that barbers and cosmetologists may work in the same physical area without violating Section329.140.4, RSMo, so long as the persons working in the shop hold themselves out as practicing only the trade for which they are licensed.
Section 329.045, RSMo 1969, requires, in part:
 "Every shop or establishment in which the occupation of hairdresser, cosmetologist, or manicurist is practiced shall be required to obtain a certificate of registration from the state board of cosmetology. . . ."
It is the view of this office that any shop in which both barbers and cosmetologists work in the same physical area must be licensed as a cosmetology shop.
4 CSR 60-3.010 contains the sanitary regulations prescribed for barber shops. 4 CSR 60-3.010(2) reads as follows:
 "All barber shops and barber schools shall be kept in a clean, healthful and sanitary condition at all times, and must be open to the members of the State Board of Barber Examiners and their deputy-inspectors for inspection at all times during business hours. Each holder of a license or apprenticeship permit shall post same in a conspicuous place back of his working chair, where it may be readily seen by all persons whom he may serve."
Section 329.210(3), RSMo 1969, states that the Board of Cosmetology shall have the power
 "To provide for the inspection of shops by licensed cosmetologists as to their sanitary conditions and to appoint the necessary inspectors and, if necessary, examining assistants."
Therefore, a cosmetologist shop in which both barbers and cosmetologists work in the same physical area is subject to inspection by both the State Board of Cosmetology and Board of Barber Examiners.
CONCLUSION
It is the opinion of this office that barbers and cosmetologists may work in the same physical area if such area is licensed as a cosmetology shop and is subject to inspection by both the State Board of Cosmetology and State Board of Barber Examiners.
The foregoing opinion, which I hereby approve, was prepared by my assistant, Michael Elbein.
Very truly yours,
 JOHN ASHCROFT Attorney General